IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| HARIKA SUVAK | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00032 |
| | ) | |
| CATERPILLAR FINANCIAL SERVICES | ) | |
| CORPORATION | ) | |

**TO:  Honorable William L. Campbell, Jr., District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 26, 2021 (Docket Entry No. 5), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion for partial dismissal (Docket Entry No. 16) filed by Defendant Caterpillar Financial Services Corporation, to which Plaintiff has responded in opposition.  For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

## I.  FACTUAL BACKGROUND

Harika Suvak ("Plaintiff") is a resident of La Vergne, Tennessee and is a former employee of Caterpillar Financial Services Corporation ("Defendant"), where she worked as an Information Services Analyst I - Information Systems Foundation Program ("ISFP") in Defendant's Nashville office.   Plaintiff asserts that she began working for Defendant on January 16, 2018, shortly after having her first child, and that she became pregnant with her second child during the Fall of 2018. She contends that she suffered various forms of discrimination and unequal treatment by Defendant, particularly at the hands of her supervisor, LaNessa Jackson ("Jackson"), because of her pregnancy and because she was a mother. She alleges that she was terminated from her job on November 8,

2019, as a result of Defendant's hostility towards her for having young children and for becoming pregnant while an employee.

After losing her job, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the Tennessee Human Rights Commission ("THRC") and the Equal Employment Opportunity Commission ("EEOC") on January 27, 2020. *See* Charge (Docket Entry No. 17-1). In the Charge, Plaintiff check-marked boxes indicating that discrimination based on sex, retaliation, and "other – Pregnancy" were the basis for the Charge and asserted that she was discriminated against and treated in a disparate manner due to her sex and pregnancy. *Id*. at 2-4. The EEOC ultimately took no action on the Charge and issued Plaintiff a right-to-sue letter, dated October 27, 2020.

Plaintiff alleged in her Charge that:

(1) shortly after she began her employment, Jackson made negative comments about the fact that Plaintiff had just had a child and denied her the opportunity to work from home in the same manner as other employees because Jackson believed that Plaintiff would "just take care of the baby instead of working;" *id*. at 2,

(2) Jackson made a negative comment in October 2018, when Plaintiff informed her that she was pregnant with her second child and again denied Plaintiff the opportunity to work from home when Plaintiff requested to work from home in December 2018 due to pregnancy related nausea. Although Plaintiff complained to Defendant's human resources department about Jackson's discrimination, nothing was done to remedy the situation, *id* at 3;

(3) Jackson placed Plaintiff on an unwarranted 60 day Performance Improvement Plan ("PIP") in February 2019 and issued to her a failing score in May 2019, a week prior to Plaintiff leaving on maternity leave, *id*.;

2

(4) Plaintiff was placed on an extension PIP in August 2019 after returning from maternity leave and a manager commented that "getting pregnant again didn't help;" *id*.;

(5) Plaintiff experienced harassment, negative comments, and exclusion from meetings because of her need to pump breast milk during the workday, *id*.; and,

(6) Plaintiff was wrongfully terminated on November 8, 2019, due to Defendant's discriminatory animus towards her sex and pregnancy and in retaliation for her taking maternity leave. *Id*. at 4.

## II. COMPLAINT AND PROCEDURAL BACKGROUND

On January 14, 2021, Plaintiff filed this lawsuit. *See* Complaint (Docket Entry No. 1). She subsequently filed an amended complaint and statement of claims that expounded on her allegations. *See* Amended Complaint (Docket Entry No. 6) and Statement of Claims (Docket Entry No. 7). Alleging that she suffered unlawful gender/sex discrimination, pregnancy and disability discrimination, and retaliation, Plaintiff brings her lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), ("PDA"), and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*. ("THRA"). *See* Amended Complaint at 3-4. As relief, Plaintiff seeks back pay, front pay, compensatory damages, and punitive damages. *Id*. at 5-6. Plaintiff demands a jury trial.

Plaintiff sets out several claims in the Statement of Claims. She asserts that she was wrongfully terminated after she was placed on a PIP in February 2019 and again in May 2019 and that the PIPs were created as a basis to subsequently terminating her and purposefully included performance goals that were unattainable. *See* Statement of Claims at 1-2. (Claim 1). She asserts that she was wrongfully denied a promotion to an IS Analyst II position when four other employees

3

hired in the "same batch" with her were promoted. *Id*. at 2. (Claim 2). She asserts that Defendant "failed to accommodate my needs and has always counted me working from home against me but allowed others." *Id*. (Claim 3). She asserts that Jackson prevented her from working from home, used work absences as a reason to fail her on the PIP, and paid her a reduced bonus compared to other employees. *Id*. (Claim 4). She asserts that her termination was a form of retaliation against her because she complained to Defendant's human resources department about Jackson's discrimination. *Id*. (Claim 5). She asserts that her requests to be re-assigned to another team were denied, that she was not rotated to another team, and that she was constantly harassed and treated unequally compared to other analysts because of her pregnancy. *Id*. at 3. (Claim 6).[1]

In lieu of an answer, Defendant filed the pending early motion for partial dismissal. After Plaintiff unsuccessfully sought the entry of default against Defendant, she was given an extended time to file her response to the motion. Entry of a scheduling order has been reserved by the Court until resolution of the motion for partial dismissal.

### III. MOTION TO DISMISS AND RESPONSE

Defendant seeks the dismissal of some of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that: (1) Plaintiff's THRA claim is time-barred by the applicable one year statute of limitations; (2) some of Plaintiff's claims cannot be considered because they were not timely brought in her Charge; (3) some of Plaintiff's claims cannot be

---

[1] Plaintiff refers in her amended complaint to her Charge as additional support for her lawsuit. *See* Amended Complaint at 5. While the Court may sometimes rely upon the content of an EEOC charge to determine a *pro se* party's claims, Plaintiff specifically sets out a statement of claims, which the Court views as stating the claims in this case. The Court views Plaintiff's Charge as merely providing additional factual allegations in support of the stated claims, not as setting forth different claims. This construction does not prejudice Plaintiff because the claims that she has specifically stated encompass any possible claims arising from her Charge.

4

considered because the claims or the events underlying the claims were not raised as part of her Charge; and, (4) some of Plaintiff's claims must be dismissed because the allegations in her amended complaint do not establish a *prima facie* case for the claims. *See* Memorandum in Support (Docket Entry No. 17).

In her response (Docket Entry No. 32), Plaintiff asserts that she relied upon attorneys from a Florida law firm that she had retained to assist her in the administrative process and to properly draft her Charge. She argues that she was unaware of the statute of limitations for the THRA and unaware of any time or specificity requirements for filing an administrative charge and that her claims should not be dismissed on a "technicality" when she has evidence supporting the merits of her claims. Plaintiff contends that her Charge was sufficient to apprise Defendant and the EEOC of the totality of her claims and that any of her claims that were not specifically mentioned in the Charge can reasonably be viewed as growing out of what was alleged in the Charge. Attached to Plaintiff's Response are several pages of documents (Docket Entry No 32-1) and two audio files (Docket Entry No. 36) that she contends are evidence in support of her claims.[2]

In reply, Defendant essentially contends that nothing raised by Plaintiff in her response adequately rebuts the legal arguments set out in its motion. *See* Reply (Docket Entry No. 38).

## IV. STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.

---

[2] To the extent that Plaintiff continues to argue that Defendant did not timely respond to her complaint, *see* Response at 1, the Court has already addressed and rejected this argument. *See*

5

1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## V. ANALYSIS

### A. The Court's Scope of Review Upon the Motion to Dismiss

Like many *pro se* plaintiffs faced with responding to a motion seeking the dismissal of all or part of a case, Plaintiff here devotes much of her response to arguments that her underlying claims have merit and are supported by evidence. Indeed, Plaintiff's closing statement in her response is "[t]here is a substantial amount of evidence indicating disparate treatment [Defendant] gave me due to pregnancy and childbirth," *see* Response at 12, and she attaches to her response several pages of documentary evidence and audio files which she contends support her claims.[3]

However, the Court's role in ruling on Defendant's motion to dismiss is not to review the evidentiary support for Plaintiff's claims and make a determination about the underlying merits of

---

Order entered April 13, 2021 (Docket Entry No. 30).

[3]**Error! Main Document Only.** Plaintiff also includes numerous factual allegations in her response that are not a part of her amended complaint. However, a plaintiff may not amend her pleadings by adding factual allegations as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

6

her claims.[4]  Instead, it is to review the sufficiency of her complaint and to assess whether the legal defenses raised by Defendant require the dismissal of claims even if Plaintiff's well-pleaded factual allegations are accepted as true at this stage of the proceedings. For example, when the allegations of a complaint affirmatively show that a claim is time-barred, dismissing the claim under Rule 12(b)(6) for failure to state a claim is appropriate.   *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

### B. THRA Claim

The THRA provides a plaintiff with "one (1) year after the alleged discriminatory practice ceases" within which to file suit.   T.C.A. § 4-21-311(d); *Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996). *See also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001). This statute of limitations is not tolled during the time when an administrative charge is pending. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001); *Stone v. Premier Orthopaedics & Sports Med., PLC*, 2015 WL 4487778 at *13 (M.D.Tenn. July 23, 2015) (Sharpe, J.); *McMahon v. Metro. Gov't of Nashville*, 2013 WL 3967743 at *2 (M.D.Tenn. July 30, 2013) (Haynes, J.); *Martin v. Boeing-Oak Ridge Co.*, 244 F.Supp.2d 863, 871 (E.D. Tenn. 2002).

In the instant case, Plaintiff's lawsuit was not filed until January 14, 2021, well beyond one year from the events that occurred during her employment with Defendant in 2018 and 2019. Plaintiff fails to provide any basis that would excuse the untimely filing of her THRA claim. Although she asserts that the law firm that she retained did not advise her about the statute of

---

[4]  For this reason, the Court has not considered the evidentiary materials filed by Plaintiff as exhibits to her response in opposition. However, Plaintiff's Charge is appropriately considered in review of the motion to dismiss both because it is a public record and because it is attached to Plaintiff's complaint. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

limitations, a party's reliance on an attorney's poor or incorrect advice does not provide grounds to excuse an untimely claim. *Jurado v. Burt,* 337 F.3d 638, 644-45 (6th Cir. 2003). Further, neither Plaintiff's lack of knowledge of the need to file her THRA claim within the statute of limitations nor her *pro* se status provides a basis upon which to excuse the untimely filing of her complaint with respect to the THRA claim. *See Cheatom v. Quicken Loans*, 587 Fed.App'x 276, 281 (6th Cir. 2014); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Godspower v. Arnold*, 2014 WL 4347619 at *2 (M.D.Tenn. Aug.29, 2014) (Trauger, J.). Accordingly, Plaintiff's claim under the THRA must be dismissed as untimely.

### C. Timeliness of Plaintiff's Charge

Title VII and the ADA require that a charge of discrimination be filed within 300 days of the alleged unlawful conduct in order to later bring a lawsuit under these statutes that is based upon that conduct.[5] *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) *Amani v. Oberlin College*, 259 F.3d 493, 498-99 (6th Cir. 2001); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *Puckett v. Tennessee Eastman Company*, 889 F.2d 1481, 1486-88 (6th Cir. 1989). The 300 day limitations period begins to run when a plaintiff has knowledge of the employment decision, practice, or action at issue, not when a plaintiff becomes aware of the consequences of the act or believes it to be unlawful. *Amini*, 259 F.3d at 498-99. The failure to exhaust administrative remedies through the timely filing of a charge of discrimination is an appropriate basis for the dismissal of a claim. *See Williams v. Northwest Airlines, Inc.*, 53 Fed.App'x 350, 351 (6th Cir. 2002).

---

[5] Because Tennessee is a "deferral state" for the purposes of federal discrimination statutes, Plaintiff is permitted 300 days within which to file a charge of discrimination. *See Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375-76 (6th Cir. 2002).

In the instant action, Plaintiff's Charge was filed on January 27, 2020. Thus, any claims based upon events occurring prior to April 2, 2019, fall outside the 300 day window and are not timely. Defendant identifies several allegations made by Plaintiff in her Notice of Claims or the attached Charge events that occurred prior to April 2, 2019: (1) being placed on a PIP in February 2019; (2) discriminatory remarks made by Jackson in January 2018 and by a Team Lead in October 2018; and (3) being denied the opportunity to work from home in April 2018 and in December 2018. *See* Memorandum of Law at 7-8.

The Court agrees with Defendant that the instances when Plaintiff was placed on a PIP in February 2019 and when she was denied the opportunity to work from home in 2018 are not actionable because they were not timely raised in Plaintiff's Charge. These events are the type of discrete workplace actions that are required to be brought in a charge of discrimination that is filed within 300 days of when they occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-115 (2002). Plaintiff fails in her response to set forth any persuasive legal argument to the contrary. While it is somewhat unclear from Plaintiff's pleadings, it appears that Claims 1 and 6 are based, in part, upon the February 2019 PIP and that Claim 4 is based, in part, on the two instances when Plaintiff alleges that she was denied the opportunity to work from home in 2018. Accordingly, Plaintiff cannot rely upon these events as the basis for any of these claims.

To the extent that Plaintiff includes in her Charge allegations of discriminatory or disparaging comments that occurred prior to April 2, 2019, these comments are viewed by the Court as evidence of harassing or discriminatory conduct, not as evidence of discrete acts of workplace discrimination.[6] As such, consideration of these events, even if they occurred more than 300 days

---

[6] Although Defendant asserts that Plaintiff does not allege a claim for a harassing or hostile workplace, *see* Memorandum at 7 n.2, Plaintiff alleges that she was "constantly harassed" because

9

prior to the filing of her Charge, is not precluded.   *Id*. at 115-120.   Thus, Defendant fails to show that dismissal of any part of Plaintiff's claims is warranted as to these events.

### D. Scope of Plaintiff's EEOC Charge

As part of the exhaustion requirement, a plaintiff must have not only timely pursued an administrative charge but must have also raised in the charge the claims that are subsequently pursued in the plaintiff's lawsuit.   As a general rule, a plaintiff cannot bring Title VII or ADA claims in a lawsuit that were not included in the EEOC charge.   *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).   To ensure a likeness between the administrative claims and the litigation claims, "[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'"   *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).   The *Younis* court described the rationale for the requirement that a plaintiff must first bring claims with the EEOC before pursuing a lawsuit:

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id*. at 361-62.

The *Younis* court also recognized that EEOC complaints are typically filed *pro se* and directed that they should be construed liberally, allowing consideration of claims that are reasonably related to or grow out of the factual allegations in the EEOC charge."   *Id*. at 362 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006).   "As a result, 'whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different,

---

of her pregnancy.   *See* Notice of Claims at 3.

uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id.* (*citing Davis Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)). "This is known as the 'expected scope of investigation test' and requires a plaintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491 (6th Cir. 2010) (*citing Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Defendant argues that the following claims should be dismissed because they were not raised in Plaintiff's Charge: (1) Plaintiff's claim that she was not promoted; (2) Plaintiff's claim that she was not offered a job rotation or reassignment; (3) Plaintiff's claim that she was retaliated against because of her complaint to Defendant's human resources department; and, (4) Plaintiff's ADA claim that she was denied a reasonable accommodation. *See* Memorandum at 8-11.

The Court readily agrees with Defendant's argument as it pertains to the claims that Defendant discriminated against her by failing to promote her (Claim 2) and by failing to offer her a job rotation or reassignment (Claim 6). Each of these claims concerns a specific and discrete workplace action by Defendant that is nowhere included in the Charge. Even when the Charge is given a liberal construction, there are simply no events set out in the Charge that even remotely touch upon these two alleged acts of discrimination and that would have prompted an investigation by the EEOC into Plaintiff being wrongfully denied a promotion or job rotation or reassignment. Accordingly, Claim 2 and part of Claim 6, as it relates to the denial of a job rotation or reassignment, should be dismissed. Plaintiff fails to present a sound legal argument to the contrary.

The Court also agrees with Defendant's argument that Plaintiff's ADA claim (Claim 3) should be dismissed. Initially, the Court notes that Plaintiff failed to checkmark the box for

11

disability discrimination that is part of the charging form. *See* Docket Entry No. 17-1 at 2. While this failure is not dispositive of the scope of the Charge, *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379–80 (6th Cir. 2002), it is relevant in light of the fact that Plaintiff, despite specifically stating in the Charge that she believed that Title VII, the PDA, and the THRA had been violated, failed to also state she believed that a violation of the ADA had occurred. *Id*. at 4. Further, Plaintiff's charge is couched entirely in terms of sex and pregnancy discrimination and retaliation, which she specifically stated were the basis for her Charge. *Id*. at 2 and 4. Nowhere in the Charge does Plaintiff assert disability discrimination or the failure of Defendant to accommodate a disability. In fact, nowhere in the Charge is the word "disability" even stated. While Plaintiff was not required to include in her Charge exact or precise legal wording, she must nonetheless have included some allegations stating or, at a minimum, suggesting that discrimination due to a disability occurred. She simply did not do so.

Although Plaintiff argues that the allegation in her Charge that she was denied a request to work from home that she made because she was experiencing extreme nausea due to her pregnancy was sufficient to raise an ADA claim or to trigger an investigation by the EEOC into disability discrimination, the Court is unpersuaded by this argument given the factors about the Charge noted above and given that being pregnant and experiencing the type of conditions normally related to a pregnancy does not amount to an impairment sufficient to qualify as a disability. *See Latowski v. Northwoods Nursing Ctr.*, 549 Fed.App'x 478, 487 (6th Cir. 2013); *Spees v. James Marine, Inc.*, 617 F.3d 380, 396 (6th Cir. 2010).

With respect to Plaintiff's retaliation claim (Claim 5), the Court finds that her Charge is sufficient to permit her retaliation claim to proceed. Plaintiff clearly check-marked the box for retaliation as one of the bases for her Charge and she further stated that she believed that her

12

termination was linked to retaliation against her. *See* Docket Entry No. 17-1 at 2 and 4. Defendant argues that a retaliation claim based upon engaging in protected activity cannot arise or be inferred from the Charge because Plaintiff stated that she believed that she had been retaliated against "for taking maternity leave" and not because of engaging in protected activity. *See* Memorandum at 9-10. However, given the liberal construction that is to be provided to charges of discrimination, the Court does not find that Plaintiff's statement that she was retaliated against for taking maternity leave is determinative on this issue. Plaintiff's clear reference to retaliation and her statement in the Charge that she had complained to Defendant's human resources department about Jackson's discrimination is sufficient to have put the EEOC on notice of a possible claim for unlawful retaliation, which is what is required. *See Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

### E. Pleading a *prima facie* case

The motion to dismiss should be denied to the extent that Defendant argues that dismissal of any claim is warranted because Plaintiff cannot establish a *prima facie* case for the claim. At the pleading stage, a plaintiff is not required to plead facts that satisfy the *prima facie* case requirement that is part of the *McDonnell Douglas* burden shifting analysis used in review of employment discrimination cases. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("it was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss"); *Veasy v. Teach for Am., Inc.*, 868 F.Supp.2d 688, 695 (M.D.Tenn. 2012).

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion for partial dismissal (Docket Entry No. 16) filed by Defendant Caterpillar Financial Services Corporation:

13

1) be GRANTED in part and that Plaintiff's THRA claim be DISMISSED, that Plaintiff's failure to promote claim (Claim 2) and ADA claim (Claim 3) be DISMISSED, and that parts of Plaintiff's Claims 1, 4 and 6 be DISMISSED to the extent that the claims are based upon Plaintiff's allegations about the February 2019 PIP (Claims 1 and 6), about the two instances of being denied work from home opportunities in 2018 (Claim 4), and about being denied a job rotation or reassignment (Claim 6); and,

2) be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

14